| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Joseph DeSantis** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of Massachusetts, Boston Division |
| Case number (if known) | **1:19-bk-13222** |

Check as directed in lines 17 and 21:

According to the calculations required by this Statement:

☐ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

■ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

☐ 3. The commitment period is 3 years.

■ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

Official Form 122C-1
## Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period                              10/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

### Part 1:   Calculate Your Average Monthly Income

1. **What is your marital and filing status?** Check one only.

   ■ **Not married**. Fill out Column A, lines 2-11.

   ☐ **Married.** Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ **6,207.00** | $ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ **0.00** | $ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $ **0.00** | $ |

5. **Net income from operating a business, profession, or farm**

   | | Debtor 1 | | | |
   |---|---|---|---|---|
   | Gross receipts (before all deductions) | $ **0.00** | | | |
   | Ordinary and necessary operating expenses | -$ **0.00** | | | |
   | Net monthly income from a business, profession, or farm | $ **0.00** | Copy here -> $ **0.00** | $ |

6. **Net income from rental and other real property**

   | | Debtor 1 | | | |
   |---|---|---|---|---|
   | Gross receipts (before all deductions) | $ **0.00** | | | |
   | Ordinary and necessary operating expenses | -$ **0.00** | | | |
   | Net monthly income from rental or other real property | $ **0.00** | Copy here -> $ **0.00** | $ |

Debtor 1  **DeSantis, Joseph**    Case number (*if known*)  **1:19-bk-13222**

|  | *Column A* <br> **Debtor 1** | *Column B* <br> **Debtor 2 or <br> non-filing spouse** |
|---|---|---|
| 7. **Interest, dividends, and royalties** | $ 0.00 | $ |
| 8. **Unemployment compensation** | $ 0.00 | $ |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you  $ 0.00
For your spouse  $

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title.    $ 0.00    $

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

$ 0.00  $
$ 0.00  $

Total amounts from separate pages, if any.  + $ 0.00  $

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.    $ **6,207.00** + $ _____ = $ **6,207.00**

**Total average monthly income**

| Part 2: | **Determine How to Measure Your Deductions from Income** |
|---|---|

12. **Copy your total average monthly income from line 11.**    $ **6,207.00**

13. **Calculate the marital adjustment.** Check one:

■ You are not married. Fill in 0 below.
☐ You are married and your spouse is filing with you. Fill in 0 below.
☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

$
$
+ $

Total    $ 0.00    Copy here=>    − 0.00

14. **Your current monthly income.** Subtract line 13 from line 12.    $ **6,207.00**

15. **Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here=>    $ **6,207.00**

Debtor 1  **DeSantis, Joseph**  Case number (*if known*)  **1:19-bk-13222**

|      | Multiply line 15a by 12 (the number of months in a year). | **x** 12 |
|------|-----------------------------------------------------------|----------|
| 15b. | The result is your current monthly income for the year for this part of the form. | $ **74,484.00** |

Official Form 122C-1   **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**   page 3

Software Copyright (c) 2019 CINGroup - www.cincompass.com

Debtor 1  **DeSantis, Joseph**  Case number (*if known*)  **1:19-bk-13222**

16. **Calculate the median family income that applies to you.** Follow these steps:

    16a. Fill in the state in which you live.  **MA**

    16b. Fill in the number of people in your household.  **1**

    16c. Fill in the median family income for your state and size of household.  $ **66,492.00**
    To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

    17a.  ☐  Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

    17b.  ■  Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

**Part 3:  Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4)**

18. **Copy your total average monthly income from line 11.**  $ **6,207.00**

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

    19a. If the marital adjustment does not apply, fill in 0 on line 19a.  -$ **0.00**

    19b. **Subtract line 19a from line 18.**  $ **6,207.00**

20. **Calculate your current monthly income for the year.** Follow these steps:

    20a. Copy line 19b  $ **6,207.00**

    Multiply by 12 (the number of months in a year).  x **12**

    20b. The result is your current monthly income for the year for this part of the form  $ **74,484.00**

    20c. Copy the median family income for your state and size of household from line 16c  $ **66,492.00**

21. **How do the lines compare?**

    ☐  Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years*. Go to Part 4.

    ■  Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years*. Go to Part 4.

**Part 4:  Sign Below**

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X **/s/ Joseph DeSantis**
**Joseph DeSantis**
Signature of Debtor 1

Date **October 11, 2019**
MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

**United States Bankruptcy Court**
**District of Massachusetts, Boston Division**

IN RE:  Case No. 1:19-bk-13222

DeSantis, Joseph  Chapter 13
     Debtor(s)

## ACKNOWLEDGMENT BY DEBTOR(S) AND ATTORNEY FOR DEBTOR(S) OF RESPONSIBILITIES IN CHAPTER 13 CASES

It is important for both the chapter 13 debtor(s) and the attorney for the chapter 13 debtor(s) to understand their responsibilities. To foster such understanding, the following provisions set forth responsibilities for a successful completion of a chapter 13 case. This Acknowledgment of these responsibilities is not the written agreement required by MLBR Appendix 1, Rule 13-7(c). Please be sure that the debtor(s) and attorney have also executed such an agreement.

The parties acknowledge by their signatures below that they have read and that they understand the following provisions.

**BEFORE THE CASE IS FILED**

The **DEBTOR(S)** agrees to:

1) Discuss with your attorney your objective in commencing your chapter 13 case after considering filing a case under chapter 7 or chapter 11 and inform your attorney of any imminent deadlines.

2) Provide your attorney with documentary evidence of your income from all sources and the value of assets in which you have an interest, together with a copy of any declaration of homestead, as well as proof of insurance on any real property or automobiles in which you have an interest, a copy of your last federal tax return, and any other documents that your attorney believes that the trustee might reasonably request in order to assess whether your proposed chapter 13 plan should be confirmed.

3) Promptly respond to all communications from your attorney.

4) Cooperate with your attorney in preparing all required bankruptcy forms and other required documents.

5) Obtain a Certification of Credit Counseling.

6) Review all drafts of documents and promptly advise your attorney of any corrections or additions that may be required before signing the petition, schedules, and chapter 13 plan.

The **DEBTOR(S)** understands the following and that the Debtor(s) will:

1) Meet in person with your attorney to review your debts, assets, income, and expenses, as well as your objectives in commencing a chapter 13 case.

2) Be provided with a fully executed copy of an Engagement Letter or Fee Agreement.

3) Be advised of the requirements for obtaining a credit counseling certificate before the case is filed and the necessity of completing the financial management course in order to obtain a discharge.

4) Be required to provide documentation about household income, including pay advices and tax returns, and be advised about the on-going need to both timely file tax returns and pay post-petition taxes.

5) Be required to provide documents to your attorney such as deeds, mortgages, tax returns, paystubs, and/or other information that may be needed for your attorney to timely prepare, review, and file the petition, statements, schedules, and chapter 13 plan.

6)     Sign your petition and chapter 13 plan and other documents requiring your signature after verifying with your attorney that the information is consistent with documentation provided (redacted where appropriate of all personal identifiable information).

7)     Be advised how, when, and where to make the chapter 13 plan payments to the trustee, and, if applicable under the chapter 13 plan, be advised of the obligation to continue making direct payments to secured creditor(s), without interruption, and the likely consequences for failure to do so.

8)     Be made aware of the requirement to attend the 11 U.S.C. § 341 meeting of creditors and the consequences of failing to appear.

9)     Be required to maintain current and sufficient property and liability insurance if you own any real estate, automobiles, or other valuable personal or business assets.

10)     Be aware that some claims will accrue interest after the case is filed and others may not be discharged upon completion of the chapter 13 plan, such as student loans.

**AFTER THE CASE IS FILED:**

**The DEBTOR(S) agrees to:**

1)     Inform your attorney of any changes to your address, telephone number, or other contact information.

2)     Timely make chapter 13 plan payments to the trustee as instructed by your attorney or the trustee.

3)     Timely make payments directly to secured creditor(s) pursuant to your chapter 13 plan, if applicable.

4)     Inform your attorney promptly if any of the following circumstances arise:

    a)     you lose your job or have other financial problems (your attorney may be able to have the chapter 13 plan payments reduced or suspended in those circumstances);

    b)     you are sued or are contemplating filing a lawsuit or settling a pending lawsuit;

    c)     you want to buy, sell, or refinance any real or personal property;

    d)     you need to borrow money (e.g., to replace a vehicle);

    e)     you receive a tax refund, bonus, or other unexpected funds;

    f)     you have suffered a loss with respect to any property (e.g., automobile accident, house fire); and

    g)     you experience other circumstances that may require modification of your chapter 13 plan, such as a divorce or the death of a co-debtor spouse;

5)     Complete the required instructional course in personal financial management.

6)     If you have a domestic support obligation, advise your attorney of your payment obligations and the contact information for the recipient of the domestic support obligation, and be aware that you must make all required payments to be eligible for a discharge.

7)     Understand that your attorney cannot guarantee the outcome of your chapter 13 case and understand that the Court might make a ruling adverse to your perceived interests.

8)     Comply with all orders of the Bankruptcy Court.

The **ATTORNEY** understands that services to be delivered include the obligation to:

1)     Provide legal services as necessary for the administration of the case consistent with MLBR 9010-2 and MLBR Appendix 1, Rule 13-6, and all other applicable federal and local rules of bankruptcy procedure.

2)     Appear at the 11 U.S.C. § 341 meeting of creditors with the debtor(s) and inform the debtor(s) as to the date, time, and place of any meeting(s) of creditors.

3)     Where appropriate, prepare, file, and serve motions and notices of hearings in connection with assisting the debtor(s) in achieving the goals of the chapter 13, such as filing modified chapter 13 plan(s), amended schedules and statements, motions to extend or impose the automatic stay, motions for turnover of repossessed property necessary for an effective reorganization, motions to avoid judicial liens on real or personal property, motions to deem a mortgage current, applications s to engage brokers, appraisers or special counsel, and motions for authority to sell property or incur debt.

4)     Review claims filed in the case, object to improper or invalid claims, or file surrogate claims, if warranted, based upon documentation provided by the debtor, and review and address Notices of Mortgage Payment Change, Notices of Fees, Expenses, and Charges, and Responses to Notices of Final Cure.

5)     Respond to reasonable inquiries to assist the debtor(s) in achieving the objectives of the chapter 13 case.

6)     When required, prepare, file, and serve an Application(s) for Compensation.

    The attorney and the debtor(s) acknowledge that (i) they have clearly stated in writing the fees to be charged for representing the debtor(s) in the chapter 13 case, (ii) neither the "no look" fee set forth in MLBR 13-7(e) nor any other amount paid by, or on behalf of the debtor(s) for services to be rendered in connection with a chapter 13 case, shall be considered to be a "flat fee" if reasonable fees incurred by the attorney for the debtor(s) for services actually rendered prior to or after the filing of the petition do not exceed compensation paid by or on behalf of the debtor(s), (iii) the debtor(s) may be entitled to a refund of some or all fees paid or retainer given under certain circumstances in the event that services rendered are not consistent with the time and labor expended, the novelty and difficulty of the questions involved, and/or the skill requisite to perform the services efficiently and in accordance with applicable rules and law, and (iv) the debtor(s) is entitled to seek review by the Court of the reasonableness of any fees or expenses.

    The signatures below reflect that the debtor(s) understands the responsibilities set forth above and that the attorney for the debtor(s) acknowledges responsibility to comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Massachusetts, including the responsibilities set forth above. By signing below, the parties acknowledge that they have read and understand the foregoing provisions. The debtor(s) additionally acknowledges receiving an executed copy of this form.

Debtor: */s/ Joseph DeSantis*      Date: **October 11, 2019**

Joint Debtor: ___      Date:

Signature of Attorney for the Debtor(s): */s/ Lawrence L. Hale*      Date: **October 11, 2019**