**United States Bankruptcy Court**
**District of Massachusetts, Boston Division**

In re:  
**DeSantis, Joseph**

Debtor(s)

Case No. **1:19-bk-13222**
Chapter **13**

## CHAPTER 13 PLAN

Check one. This plan is:
[X] Original
[ ] ____ Amended (Identify First, Second, Third, etc.)
[ ] Postconfirmation (Date Order Confirming Plan Was Entered: ____)

Date this plan was filed:

### PART 1: NOTICES

**TO ALL INTERESTED PARTIES:**
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**
FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.

| 1.1 | A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.B.3 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [ ] Included | [X] Not included |

### PART 2: PLAN LENGTH AND PAYMENTS

A. **LENGTH OF PLAN:**

[ ] 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
[X] 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
[ ] ____ Months pursuant to 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:

**B.  PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|
| 482.00 | 60 |

**C.  ADDITIONAL PAYMENT(S):**

[X] **None.** If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.

[ ] **The Debtor(s) will make additional payment(s) to the Trustee, as specified below.** Set forth the amount, source (e.g., lump sums from sales/refinances, tax refunds), and date of each payment.

| Additional Payment Amount | Source | Date of Payment |
|---|---|---|
|  |  |  |

**Total amount of Payments to the Trustee [B+C]:**   $ **28,920.000**
This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line (h).

## PART 3:  SECURED CLAIMS

[ ] **None.** If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.

**A.  CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:**

Check one.
[ ] **None.** If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.

[X] **Any Secured Claim(s) in default shall be cured and payments maintained as set forth in 1 and/or 2 below.** Complete 1 and/or 2.

**(1)  PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN:**

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

(a)  Secured Claims (Principal Residence)

Address of the Principal Residence:  **48 Haven Road, Plymouth, MA 02360**
The Debtor(s) estimates that the fair market value of the Principal Residence is: $ **320,250.00**

| Name of Creditor | Type of Claim (e.g., mortgage, lien) | Amount of Arrears |
|---|---|---|
| **Rushmore Loan Mgmt Srvc** | **1st Mortgage** | 25,000.00 |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): $ **25,000.00**

(b)  Secured Claims (Other)

| Name of Creditor | Type of Claim | Description of Collateral (or address of real property) | Amount of Arrears |
|---|---|---|---|
| **None** | **None** |  |  |

Total of prepetition arrears on Secured Claims (Other): $ **0.00**

**Total of prepetition arrears to be paid through this Plan [(a) + (b)]: $ 25,000.00**

**(2)  MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):**

Contractual installment payments are to be paid <u>directly</u> by the Debtor(s) to the creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claim(s) listed below with any changes required by the applicable contract and

noticed in conformity with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| Rushmore Loan Mgmt Srvc | 1st Mortgage | 48 Haven Rd, Plymouth, MA 02360 |
| Wells Fargo Bank Nv NA | 2nd Mortgage | 48 Haven Rd, Plymouth, MA 02360 |

B.    **MODIFICATION OF SECURED CLAIMS:**

Check one.

[X] **None.** If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.

[ ] **Secured Claim(s) are modified as set forth in 1, 2, and/or 3 below.** Complete 1, 2, and/or 3 below.

   (1)   REQUEST FOR VALUATION OF SECURITY, PAYMENT OF FULLY SECURED CLAIMS, AND MODIFICATION OF UNDERSECURED CLAIMS UNDER 11 U.S.C. § 506:

   [X] **None.** If "None" is checked, the rest of Part 3.B.1 need not be completed or and may be deleted from this Plan.

   (2)   SECURED CLAIMS EXCLUDED FROM 11 U.S.C. § 506:

   [X] **None.** If "None" is checked, the rest of Part 3.B.2 need not be completed and may be deleted from this Plan.

   (3)   LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f):

   [X] **None.** If "None" is checked, the rest of Part 3.B.3 and Exhibits 3 and 4 need not be completed and may be deleted from this Plan.

C.    **SURRENDER OF COLLATERAL:**

Check one.
[X] **None.** If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.

## PART 4: PRIORITY CLAIMS

Check one.
[ ] **None.** If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.

[X] The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.

A.    **DOMESTIC SUPPORT OBLIGATIONS:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

B.    **OTHER PRIORITY CLAIMS (Except Administrative Expenses):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

Total of Priority Claims (except Administrative Expenses) to be paid through this Plan: $0.00

C.    **ADMINISTRATIVE EXPENSES:**

   1.    **ATTORNEY'S FEES:**

| Name of Attorney | Attorney's Fees |
|---|---|
| Law Office of Lawrence L. Hale | 1,000.00 |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum

until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR, Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

2. **OTHER (Describe):**
   None

Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [1 + 2]: **$ 1,000.00**

3. **TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

## PART 5:    NONPRIORITY UNSECURED CLAIMS

Check one.
[ ] **None**. If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.

[X] Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.

   [X] Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $ **0.00**, which the Debtor(s) estimates will provide a dividend of **0** %.
   [ ] Fixed Percentage: each creditor with an allowed claim shall receive no less than ____% of its allowed claim.

A. **GENERAL UNSECURED CLAIMS:** $ 2,091.00

B. **UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

C. **NONDISCHARGEABLE UNSECURED CLAIMS (e.g., student loans):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

D. **CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

E. **TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

The amount paid to any nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.

Total Nonpriority Unsecured Claims [A + B + C + D]: $ **2,091.00**

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: $ **0.00**

F. **SEPARATELY CLASSIFIED UNSECURED CLAIMS (e.g., co-borrower):**

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis of Separate Classification |
|---|---|---|---|---|
| None | | | | |

Total of separately classified unsecured claim(s) to be paid through this Plan: $ **0.00**

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Check one.
[X] **None**. If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.

[ ] **The executory contract(s) and/or unexpired lease(s) listed are assumed and will be treated as specified below. Any other executory contract(s) and/or unexpired lease(s) is rejected. Postpetition contractual payments will be made directly by the Debtor(s). Arrearage payments will be disbursed by the Trustee.**

A. **REAL PROPERTY LEASES:**

| Name of Creditor | Lease Description | Arrears |
|---|---|---|
| None | | |

B. **MOTOR VEHICLE LEASES:**

| Name of Creditor | Lease Description | Arrears |
|---|---|---|
| None | | |

C. **OTHER CONTRACTS OR LEASES:**

| Name of Creditor | Lease Description | Arrears |
|---|---|---|
| None | | |

Total amount of arrears to be paid through this Plan: $_____

## PART 7: POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

## PART 8: NONSTANDARD PLAN PROVISIONS

Check one.
[X] **None**. If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.
[ ] **This Plan includes the following nonstandard provisions.** Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.

The following Plan provisions are effective only if the box "Included" in Part 1, Line 1.3 is checked.

## PART 9: SIGNATURES

By signing this document, the Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

10/8/2019
Date

**/s/ Joseph DeSantis**
Joseph DeSantis, Debtor

Page 5 of **8**

10/8/2019
Date

/s/ Lawrence L. Hale
Signature of attorney for Debtor(s)
Print name: **Lawrence L. Hale**
BBO Number (if applicable):**217120**
Firm name (if applicable):**Law Office of Lawrence L. Hale**
**128 Main St Ste 7
Carver, MA  02330-2024**
Telephone:**(508) 866-2900**
Email Address:**lhale@halelaw.net**

The following Exhibits are filed with this plan:

[X] **Exhibit 1: Calculation of Plan Payment***
[X] **Exhibit 2: Liquidation Analysis***
[ ] **Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)****
[ ] **Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption****

List additional exhibits if applicable.

*denotes a required exhibit
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, including Exhibits:  8**

## EXHIBIT 1

## CALCULATION OF PLAN PAYMENT

| | |
|---|---|
| a) Secured claims (Part 3.A and Part 3.B.1-3 Total): | $ **25,000.00** |
| b) Priority claims (Part 4.A and Part 4.B Total): | $ **0.00** |
| c) Administrative expenses (Part 4.C.1 and Part 4.C.2 Total): | $ **1,000.00** |
| d) Nonpriority unsecured claims (Part 5.E Total): | $ **0.00** |
| e) Separately classified unsecured claims (Part 5.F Total): | $ **0.00** |
| f) Executory contract/lease arrears claims (Part 6 Total): | $ **0.00** |
| g) Total of (a) +(b) + (c) + (d) + (e) + (f): | $ **26,000.00** |
| h) Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | $ **28,888.88** |
| i) Divide (h), Cost of Plan, by term of Plan, **60** months: | $ **481.48** |
| j) Round **up** to the nearest dollar amount for Plan payment: | $ **482.00** |

If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete (a) through (h) only and the following:

| | |
|---|---|
| k) Enter total amount of payments the Debtor(s) has paid to the Trustee: | $ _ |
| l) Subtract line (k) from line (h) and enter amount here: | $ _ |
| m) Divide line (l) by the number of months remaining ( _ months): | $ _ |
| n) Round **up** to the nearest dollar amount for amended Plan payment: | $ _ |
| Date the amended Plan payment shall begin: | _ |

EXHIBIT 2

LIQUIDATION ANALYSIS

A. **REAL PROPERTY**

| Address (Sch. A/B, Part 1) | Value (Sch. A/B, Part 1) | Total Liens (Sch. D, Part 1) | Exemption Claimed (Sch. C) |
|---|---|---|---|
| 48 Haven Rd, Plymouth, MA 02360-3247 | 320,250.00 | 333,946.00 | 0.00 |

Total Value of Real Property (Sch. A/B, line 55): $ 320,250.00
Total Net Equity for Real Property (Value Less Liens): $ 0.00
Less Total Exemptions for Real Property (Sch. C): $ 0.00
    Amount Real Property Available in Chapter 7: $ 0.00

B. **MOTOR VEHICLES**

| Make, Model and Year (Sch. A/B, Part 2) | Value (Sch. A/B, Part 2) | Amount of Liens (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| None | | | |

Total Value of Motor Vehicles: $ 0.00
Total Net Equity for Motor Vehicles (Value Less Liens): $ 0.00
Less Total Exemptions for Motor Vehicles (Sch. C): $ 0.00
    Amount Motor Vehicle Available in Chapter 7: $ 0.00

C. **ALL OTHER ASSETS** (Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)

| Asset | Value | Liens (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| Bank account at Rockland Trust No. 1043. | 8.00 | 0.00 | 8.00 |
| Bank account at Rockland Trust No. xxxx1395. | 22.34 | 0.00 | 22.34 |
| Bank account at Rockland Trust. | 437.65 | 0.00 | 437.65 |
| Cash on hand. | 5.00 | 0.00 | 5.00 |
| Miscellaneous clothing. | 750.00 | 0.00 | 750.00 |
| Miscellaneous furnishings. | 2,500.00 | 0.00 | 2,500.00 |

Total Value of All Other Assets: $ 3,722.99
Total Net Equity for All Other Assets (Value Less Liens): $ 3,722.99
    Amount All Other Assets Available in Chapter 7: $ 0.00

D. **SUMMARY OF LIQUIDATION ANALYSIS**

| Amount available in Chapter 7 | Amount |
|---|---|
| A. Amount Real Property Available in Chapter 7 (Exhibit 2, A.) | $ 0.00 |
| B. Amount Motor Vehicles Available in Chapter 7 (Exhibit 2, B.) | $ 0.00 |
| C. Amount All Other Assets Available in Chapter 7 (Exhibit 2, C.) | $ 0.00 |
| **TOTAL AVAILABLE IN CHAPTER 7:** | $ 0.00 |

E. **ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:**

None

## CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

I hereby certify that on October 11, 2019 and in accordance with MLRB, Appendix 1, Rule 13-4(b), I served by first class United States mail a copy of this Plan to and on the parties on the attached list.

/s/ Lawrence L. Hale
Lawrence L. Hale, Esquire
BBO Number 217120
128 Main Street
Suite 7
Carver, MA 02330
Telephone: (508) 866-2900
Email Address: lhale@halelaw.net

```
Label Matrix for local noticing         Boston                                  Bank of America
0101-1                                  U. S. Bankruptcy Court                  4909 Savarese Cir
Case 19-13222                           J.W. McCormack Post Office & Court House Tampa, FL  33634-2413
District of Massachusetts               5 Post Office Square, Suite 1150
Boston                                  Boston, MA 02109-3945
Mon Sep 30 16:05:15 EDT 2019

(p)BANK OF AMERICA                      Belden Jewelers                         Eversource
PO BOX 982238                           375 Ghent Rd                            1 Nstar Way
EL PASO TX 79998-2238                   Fairlawn, OH  44333-4601                Westwood, MA  02090-2341


Orlands PC                              PMG Associates/Atrius Healthcare        Rushmore Loan Mgmt Ser
PO Box 540540                           362 Court St                            PO Box 52708
Waltham, MA  02454-0540                 Plymouth, MA  02360-4397                Irvine, CA  92619-2708


Rushmore Loan Mgmt Srvc                 Sterling Jewelers, Inc.                 Wells Fargo Bank Nv NA
Attn: Bankruptcy                        Attn: Bankruptcy                        PO Box 31557
PO Box 55004                            PO Box 1799                             Billings, MT  59107-1557
Irvine, CA  92619-5004                  Akron, OH  44309-1799


Carolyn Bankowski-13-12                 John Fitzgerald                         Joseph DeSantis
Chapter 13-12 Trustee Boston            Office of the US Trustee                303 Forest St
P. O. Box 8250                          J.W. McCormack Post Office & Courthouse Marshfield, MA 02050-2300
Boston, MA 02114-0950                   5 Post Office Sq., 10th Fl, Suite 1000
                                        Boston, MA 02109-3901


Lawrence L. Hale
 Law Office of Lawrence L. Hale
128 Main Street
Suite 7
Carver, MA 02330-2024
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Bank of America                         End of Label Matrix
PO Box 982238                           Mailable recipients    15
El Paso, TX  79998-2238                 Bypassed recipients     0
                                        Total                  15
```